1844.

SLOCUM
*v.*
SLOCUM

---

<div align="center">SLOCUM *v.* SLOCUM and others.</div>

---

H. Z., by his will, gave the rents and profits of his real and personal estate to his wife for life, if she remained his widow; but if not, then, he authorized and empowered his executors to let, sell or dispose of his real estate or such portion as the major part of them should think proper in their discretion and make and execute conveyances; and in case his executors should judge it necessary to sell and dispose of such real estate or any part of it, then, to place the nett proceeds at interest and such interest to be paid to his wife for life. After her death, the then remaining part of his estate, real and personal, was to be converted into cash and placed out at interest for the benefit of his son J. H. Z. and the interest given to him during life. And after wife's death, he gave and devised his estate to the children of his said son. The son died before the widow, leaving two children; and the widow married again and then died. The executors had not sold the real estate, but leased it during the widow's life: *Held*, that the executors had a naked discretionary power, which they used by so leasing during the widow's life; and as the son died in her life time, their power ended with her death: and that which was real estate went, as such, to the son's children and was not, then, to be considered as if converted into personalty.

---

BILL AND ANSWER.

IT appeared by the bill that Henrick Zimmerman made his will on the eleventh day of February in the year one thousand seven hundred and eighty-seven, containing the following clauses: "Third, I do give and bequeath unto my said wife the rents, issues and profits of all my estate, both real and personal, of what nature or kind soever, during her natural life, if she so long remains a widow; but in case my said wife shall remarry, then and in such case I

*Nov.* 23.
1844.

*Will.*
*Power.*
*Conver-*
*sion.*

"do will, order and direct and I do hereby authorize and empower my said executors or the major part of them to lease, let, sell or dispose of my real estate or such part thereof as they or a major part of them think proper, which I leave wholly to their discretion; and make and execute good and sufficient conveyances and assurances in the law to the purchasers thereof—and upon the sale thereof or in case the same shall be let, the proceeds to be applied as hereinafter directed. And upon the remarriage of my said wife, I do order and direct that she deliver unto my said executors or either of them all monies, bonds, notes and accounts whatsoever that may, then, be remaining in her custody and possession; whereupon it is my will and I do order and direct that the rents, issues and profits of all my estate, both real and personal, be paid to my said wife during her natural life. And in case my said executors shall judge it necessary to sell and dispose of my said real estate or any part thereof, to place the nett proceeds at interest—and the interest be paid to my said wife as aforesaid. Fourthly: After the decease of my said wife, I do will, order and direct that all the remaining part of my estate, both real and personal, be converted into cash; and that the same be placed out at interest by the survivor or survivors of my said executors for the benefit of my said son John Henrick; and the interest arising therefrom I do give and bequeath to my said son John Henrick during his natural life; but in case my said son John Henrick shall, at any time, be in such a reduced situation that he may require further assistance, then and in such case I do authorize my executors or the major part of them, if they shall judge it expedient to advance to him any sum of money that they may think proper to relieve his then present necessity. Fifth: After the decease of my said wife all my estate of what nature or kind soever I give and bequeath unto the children of my said son John Henrick, lawfully begotten or to be begotten and to the survivor and survivors of them, share and share alike, to be paid to them as they respectively attain to the age of twenty-one years; but in case my said son John Henrick shall have no issue lawfully begotton in two years after the decease of my said

"wife, then, I do will, order and direct that my said son John Henrick receive from my said executors or the survivor of them the whole remaining part of my said estate to his own proper use and behoof. Sixthly: I will, order and direct that my said wife have full power, at her will and pleasure, at any time she may think proper, to give to my said son the sum of fifty pounds currrent money of the State of New York. And I hereby nominate my said wife to be executrix and my friends David Grim of the city of New York, yeoman, and Leonard Fisher, peruke-maker, of the said city to be executors of this my last will and testament."

It also appeared (by the bill) that the testator died leaving him surviving his said son John Henrick Zimmerman and his said wife Anna Margaretta Zimmerman. That the persons named as executrix and executors in the will proved the same. That the said Ann Margaretta, the widow, intermarried with one ——— Keyser and died about the nineteenth day of July one thousand eight hundred and twenty. That the said John Henrick Zimmerman, previous to the death of the said Anna Margaretta, departed this life intestate a very few days after the death of his father—leaving him surviving two daughters, namely, Margaret and Eve. Margaret became the wife of the complainant Daniel Slocum and Eve was married to William Reynolds. The bill charged that the executrix and executors had not sold the testator's real estate nor any part of it during the lifetime of the said widow, nor had the surviving executors done so since her decease, nor, in any way, converted it into cash, nor placed the same out at interest for the benefit of the said son John Henrick Zimmerman, nor invested any proceeds of the same in the manner and for the purpose in the said will directed; but that it had ever since remained unsold and unconverted and continued unapplied. That the said surviving executors treated the land embraced by the will as real estate and not as personalty, notwithstanding the said second marriage of the said Anna Margaretta with the said Keyser; and leased the same for her life, instead of selling and investing the money as (the complainant insisted) the will directed. That the said William Reynolds and Eve his wife and this complainant and

1844.

SLOCUM
v.
SLOCUM.

Margaret his wife, having no counsel and being guided by others (the executors) did execute a partition deed between themselves, dated the twelfth day of April one thousand eight hundred and nineteen, dividing the said land, being lots in the tenth ward in the city of New York, between them and took possession accordingly. The bill went on to show the death of Reynolds and wife and of the complainant's wife; and that, by the latter, the complainant had the children made defendants herein—all of whom were of age. He insisted that, notwithstanding the circumstances, the property was to be looked upon as personalty; and prayed accordingly.

The answer (*inter alia*) insisted and submitted as follows:

"That, inasmuch as the said David Grim and Leonard Fisher, being a majority of the said executors, did, upon the remarriage of the said widow of the said testator, lease the said lots as is stated in the said bill of complaint and admitted in this answer for the natural life of the said widow, they did thereby fully exercise the said discretionary power vested in them by the said testator; and that the said complainant has no right to claim that they should have exercised their discretion differently and instead of leasing the said real estate should have converted it into personalty. And these defendants also humbly submit and insist that, by the true construction of the said will, the order and direction to the said testator that upon the decease of his said wife all the remaining part of his estate, both real and personal, should be converted into cash and the same be placed out at interest by the survivor or survivors of the said executors for the benefit of his said son John Henrick and the interest given and bequeathed to his said son John Henrick during his natural life, were intended by the said testator solely and exclusively for the benefit of his said son; and that, inasmuch as it is stated in the said bill and admitted in this answer that the said son John Henrick died previous to the death of the wife of the said testator, so that the object of the power to sell was gone, the power itself and the right to exercise the same were gone with it;

and that, accordingly, the said two grand-daughters of the said testator were seized of the said lots as real estate, free and clear of any power in the said surviving executors or executor to sell or dispose of the same. And these defendants say that the said complainant has not alleged or shown, in and by his said bill, that he has taken out letters of administration upon the estate of his said wife Margaret; and they submit and insist that if the said estate of his said wife were to be looked upon as personal and not real estate, which, however, they expressly deny to be the true construction of the said will, the said complainant would not be entitled to the interposition and aid of this honorable court, except in the capacity of such administrator; and that the want of such letters is a full bar to this suit and as to all the relief sought for in and by the said bill, so far as the said suit and the said relief relate to the claim of the complainant to have the said real estate of the said testator converted into personal or to have the same looked upon in equity as converted into personal or to be treated in any manner as personal under and by virtue of any power or powers in the said will. And, although, for the greater satisfaction of this honorable court, these defendants have, in manner aforesaid, fully answered, as they believe, the charges made against them in the said bill, yet, they, by no means waive any defence to which they may be entitled by virtue of the said want of such letters of administration; and pray all benefit and advantage by means thereof to which they could be entitled by way of demurrer, plea or otherwise."

Mr. *Judah*, for the complainant.

Mr. *J. R. Townsend*, for the defendants.

*Dec. 9, 1845.*

THE VICE-CHANCELLOR:—This case falls within the principle of the cases of *Jackson* v. *Jansen*, 6 J. R. 72, and *Sharpsteen* v. *Tillou*, 3 Cow. 651. The power to sell and convert the real estate into money was a mere naked power in the executors—not imperative on them, but resting in discretion. They had an election to sell or not, on the

widow's remarrying or in case the son John Henrick Zimmerman became entitled to the rents and income during his life. This power was conferred for the purpose of facilitating the management of the estate by the executors during the two successive life estates. As the son died before the mother, one object of the power failed; and during the mother's life they did not find it necessary or advisable to exercise the power of sale. When, therefore, on the death of the widow, the property came to the two daughters of John Henrick as devisees of the remainder, it came to them as real estate and so it was treated by the two daughters and their husbands in the deed of partition. When the grand-mother died, there was no longer any existing purpose or object of selling and converting the realty into personalty. In order to work out the right which the complainant's bill seeks to establish, it must appear that the conversion was intended for the purposes of the will and likewise for all intents and purposes whatsoever: Leigh and Dalzell, 128; Ib. 136, 137.

I am clearly of opinion that the property did not come to Mrs. Slocum and Mrs. Reynolds impressed with the character of personalty; and that the complainant is not entitled to have it so considered.

Decree, dismissing the bill, with costs.