WILLIAM GOURLEY, ADMINISTRATOR, ETC., RESPONDENT, *v.* JOSEPH CAMPBELL, APPELLANT.

*Will — conversion of real estate into personalty — when it takes place.*

When it is the intention of a testator that his real estate shall be converted into a pecuniary fund, to be held by trustees, for purposes indicated in the will, it is deemed to be personalty from the time of the testator's death, nor is such change prevented by the death of the person entitled to the proceeds before the execution of the power.

If the power of sale is contingent, and, upon the happening of the event authorizing it, the object for which it was granted be defeated, by death or otherwise, the sale will not be ordered or allowed.

APPEAL from a judgment of the Special Term construing a will and ordering the appointment of a trustee, and directing him to sell certain real estate.

The following are the material portions of the will:

"In the first place, I desire, will and determine that my executors, hereinafter named, shall collect all sum and sums of money due to me from any person and persons whatsoever; that they shall close my store and other business and concerns, and settle the same; that from the proceeds thereof they shall liquidate and pay all debts, dues and demands owing by me to any person or persons whatsoever.

In the second place, my executors, to be hereinafter named, shall place the proceeds thereof, and all my property, both real and personal, at interest on bond and mortgage, or otherwise, as in their judgment they may deem best, and the proceeds, rents, income or interest shall be employed and used for the support and maintenance of my beloved wife Elizabeth, and my children, William and Mary and James, and for the education of my said children.

    *      *      *      *      *      *      *      *

*Item.* I will, devise and bequeath unto my said children, William and Mary and James, all my estate, both real and personal, of all kind whatsoever, to be equally divided between them, share and share alike, upon the event of the death of their mother, my said wife Elizabeth."

*Robert Johnstone,* for the appellant.

*Cassedy & Brown,* for the respondent.

Brady, J.:

The question presented on this appeal was substantially decided in the case of *Hays* v. *Gourley* (8 S. C. [1 Hun], 38). The court held in that case, that, as the whole estate was to be turned into money, the will was to be construed as a will of personal property; and that, under the statute of distributions, the mother took all the property as the next of kin of the deceased children.

This result was predicated of the legal proposition, that the estate vested immediately in the children upon the death of the testator, subject to the trust. It is said by the appellants, that that adjudication is not conclusive of this appeal, because the parties litigant therein contested on the theory that the real estate had actually been converted into personal estate, and because the doctrine of an equitable conversion had been studiously kept out of view.

The language of Justice Westbrook indicates a different impression. He says : "As the estate *was* to be turned into money the will is, of course, to be construed as a will of personal property." The surrogate had decided upon the accounting of the administrator, with the will annexed, that, under the statute of distribution, the mother took all the property of the deceased children as their next of kin. All the property of the testator, subject to the trust, was by his will given to his children. The learned justice presiding at Special Term took the same view, here expressed, of that case, and felt bound by its results. The question, however, if it had not been thus disposed of would meet with a similar fate now. It is quite apparent that the testator intended that all his estate should be converted into personal property. This is manifest from several features of his will. He directs his executors to collect all sums of money due to him; to close up his store and other business and concerns, and to settle the same. He then says, they shall place the proceeds thereof, *and of all his property, both real and personal,* at interest on bond and mortgage, or otherwise, as, in their judgment, they shall deem best, and employ the proceeds, rents, income or interest for the support and maintenance of his

wife and children.  He authorizes them, as soon as his children shall respectively arrive at lawful age for the transaction of business, to give each of them not exceeding $1,000, or at the time of their marriage, provided they married with the consent of the mother, if she should then be living.  He also intrusted them with the management and control of all his concerns and estate, to manage and employ them for the benefit and behoof of his wife and children.  These provisions are inconsistent with the retention of the real estate, as such, and are equally inconsistent with the theory that his particular object in giving to his executor the power of converting it into personal estate was the support and maintenance of his wife and children.  His first intention and design was to create a pecuniary fund of all his property.  He directs this before any disposition of it is made.  It is not until after his direction so to do that he disposes of his estate, and the first intention in reference to that, is to employ the proceeds.  The direction to sell is not, therefore, discretionary. It is positive, and in this respect differs from the class of cases cited on behalf of the appellant, and in which a different result must be obtained from that circumstance.  The executors shall place the proceeds of the store and other business and concerns, *and all his property both real and personal*, at interest, on bond and mortgage or otherwise, as in their judgment they should deem best, and the proceeds employ for the purposes named.  It is the proceeds that must be " placed " at interest, and this could only be done by selling the whole estate not in funds. The further provision in relation to the payment of $1,000, is in harmony with this view.  The fund to accomplish that direction would be in hand in contemplation of the testator, arising from the nature of his estate as he had left it.  It is true that he subsequently devises and bequeaths to his children all his estate both real and personal, of all kinds and nature, but the use of the word real in that relation is not sufficient to overcome the positive provisions expressing this intention that there should be none to descend.  It would be repugnant to the intention of the testator to give it such significance, and it could not for that reason be so enlarged in its meaning.  The intention must prevail; and when it is that the real estate shall be converted into a pecuniary fund

and held by the executors and trustees for the purposes indicated, that estate is deemed to be personalty from the time of the testator's death, upon the principle of equitable conversion; and if the person entitled to the proceeds die before the execution of the power the estate does not change its character but continues to be personal and must be treated as such. (*Stagg* v. *Jackson*, 1 Comst., 206; *Marsh* v. *Wheeler*, 2 Edw. Ch., 157; *Bramhall* v. *Ferris*, 14 N. Y., 46; *Bunce* v. *Van der Grift*, 8 Paige, 37; *Meakings* v. *Cromwell*, 5 N. Y., 136; *Bogert* v. *Hertell*, 4 Hill, 492; *Hayes* v. *Gourley*, *supra*; *Phelps' Exrs.* v. *Pond*, 23 N. Y., 69; *White* v. *Howard et al.*, 46 id., 162.) In equity, the rule applied to wills is that acts lawfully directed to be done are regarded as done at the time directed. On this principle rests the doctrine of equitable conversion. (*Manice* v. *Manice*, 43 N. Y., 372, and cases cited.) There are cases to which the appellant refers which seem to make inroads upon the doctrine stated, but do not. If the power of sale be coupled with a trust but is dependent upon a contingency, and upon the happening of the event authorizing the sale the object in view be defeated by death or other cause, the particular object of the testator being thus destroyed, the sale will not be ordered or allowed. This was the feature of *Sharpsteen* v. *Tillou* (3 Cow., 651). The trustees were not directed, in the first instance, to convert the real estate into personal.

In *Slocum* v. *Slocum* (4 Edw., 613), the question was whether the power granted to the executors had not expired, and whether a conversion had not taken place, although the real estate had not been sold. The power to sell was declared a naked power, not imperative on the executors but discretionary. Where the object of the sale is to accomplish a particular design or purpose and that is done, as between the next of kin and the heir, the courts favor the heir. The case of *Robinson* v. *Taylor* (2 Bro. C. C., 589) illustrates this. The testator, after giving several legacies, devised the rest of his real and personal estate in trust to sell the real estate and place the proceeds at interest, and *thereout* and out of the remaining part of the personal property to pay a particular annuity. This is entirely different from a provision declaring that the *corpus* of the estate shall be immediately converted into a pecuniary fund and all of the

distributions be made from it as in this case. The general scheme of the testator in disposing of his property was evolved from the conversion directed. Such, also, is the scope of *Hill* v. *Cock* (1 Ves. & Bea., 173). Again, where the real estate is to be sold to pay debts, in aid of the personal estate, and no sale is made because the personal is sufficient for the purpose, a trust in the devisee for the heir was clearly implied. Such is the case of *Buggins* v. *Yates* (9 Mod., 122). In *Hawley* v. *James* (5 Paige, 447), the chancellor said: Where the objects of the conversion fail either in whole or in part, there will be a resulting trust in favor of the heirs. In this case there is no failure of the object of the conversion. There was no object except to convert the estate and make it all a pecuniary fund for investment. It was not to pay debts or legacies, or annuities, but to establish one character for the whole body of the estate, and then from it thus changed and invested to apply its proceeds. The testator may have considered it more advantageous, from any of the many reasons present to his mind, and he had a right to think of it as his judgment or fancy dictated. In *Harris* v. *Clark* (7 N. Y., 242), there is nothing in any way militating against the doctrine of equitable conversions. The court held that a fair construction of the will made the sale of the real estate a subject of discretion. In *White* v. *Howard* (*supra*), GROVER, J., said that, " to constitute a conversion of real estate into personal in the absence of an *actual sale* it must be made the duty and obligatory upon the trustees to sell in any event. A mere discretionary power produces no such result." It should be imperative not discretionary. (*Slocum* v. *Slocum*, *supra*.) In this case as we have seen the trustees were to sell absolutely, and not in their discretion. The conversion was to be made primarily. Their omission to do it does not therefore affect the question.

The estate being treated as personal from the death of the testator, must necessarily be distributed as such. The trust having vested in this court, the appointment of a trustee to execute it was necessary to carry out the intention of the testator, and should be made upon a proper application therefor.

The plaintiff as the administrator of Elizabeth Hayes, the mother of the deceased children sought in this action a construction of the

will and the appointment of a trustee, in place of the original trustees now deceased, to sell the real estate and the payment to him of the proceeds, as such administrator.

The judgment granted was to that effect, and it was correctly pronounced for the reasons assigned.

It must be affirmed but without costs.

DAVIS, P. J., and DANIELS, J., concurred.

Ordered accordingly.